# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ADAM ORTEGA, et al., | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 3:14-CV-1474 |
| ROLF TIDE, LLC, et al. | ] JUDGE TRAUGER |
| Defendants. | ] |

## INITIAL CASE MANAGEMENT ORDER

**A. JURISDICTION AND VENUE:**

This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Venue is proper in the Middle District as all events giving rise to this lawsuit occurred in or around Davidson County, Tennessee.

**B. BRIEF THEORIES OF THE PARTIES:**

**1) PLAINTIFF:**

Plaintiff and the proposed class were required to be at work 2 hours or more each day before being allowed to "clock in." Plaintiff and the proposed class were not paid for these hours whatsoever. Since these hours were in addition to the 40 or more hours they were paid for each week, Plaintiff and the proposed class should have been paid 1.5 times their regular rate of pay for those hours. Defendants' actions in failing to pay Plaintiffs for this time were in violation of the Fair Labor Standards Act. Plaintiffs seek to recover all available damages under the Act.

**2) DEFENDANT:**

Defendants' theory is that Mr. Krajeck is not an "employer" under the FLSA; Team

Chow, LLC is. Defendants' deny that they violated the FLSA. If any violation is established through evidence, it was not willful. Some or all of the employees may have been exempt. Defendants are shielded from liability by the Portal-to-Portal Act.

    **C.**     **ISSUES RESOLVED:**     Jurisdiction, venue and conditional certification.

    **D.**     **ISSUES STILL IN DISPUTE:**

    1. Whether Plaintiffs are entitled to unpaid overtime under the FLSA;

    2. Whether any FLSA violations, if existent, were willful, so as to extend the recovery period from two years to three years;

    3. The amount of damages Plaintiffs are entitled to under the FLSA.

    **E.**     **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before September 19, 2014.

    **F.**     **NEED FOR COUNTERCLAIMS, CROSS-CLAIMS, JOINDER OF ADDITIONAL PARTIES**

Although the parties do not anticipate any counterclaims or cross-claims, the parties may pursue any of the above, in accordance with the Federal Rules of Civil Procedure.

    **G.**     **DISCOVERY:**

The parties shall complete all written discovery and depose all fact witnesses on or before April 24, 2015. Discovery is not stayed during the pendency of any dispositive motion, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

H.   **ELECTRONIC DISCOVERY**

The parties have and will confer regarding the nature and scope of electronic discovery in this matter and will develop their own methodology for same without the need to be governed by Administrative Order No. 174.  In the event that the parties are unable to agree upon an appropriate protocol for electronic discovery, they will bring this to the Court's attention for further resolution.

I.   **EXPERT DISCLOSURES:**

The party bearing the burden on any issue for which expert testimony is obtained shall serve their expert disclosures pursuant to the Federal Rules of Civil Procedure on or before January 20, 2015.  The opposing party shall serve any responsive expert disclosures by March 20, 2015, pursuant to the Federal Rules of Civil Procedure.

J.   **DEPOSITIONS OF EXPERT WITNESSES:**

The parties shall depose all expert witnesses on or before May 8, 2015.

K.   **JOINT MEDIATION REPORT:**

The parties shall file a joint mediation report on or before December 17, 2014.

L.   **DEADLINES FOR FILING DISPOSITIVE MOTIONS AND MOTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 13-15 AND 17-21.**

The parties shall file Motions to Amend pleadings, or other motions under FRCP 13-15 and 17-21, on or before January 30, 2015.  The parties shall file dispositive motions pursuant to FRCP 56, and/or motion(s) to decertify on or before June 5, 2015. Responses shall be served within thirty (30) days after the filing of dispositive motion and/or motion to decertify.  Optional replies shall be filed within fifteen (15) days after the filing of the RESPONSES.  No motion for partial summary judgment shall be filed except upon leave of court.  Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial

summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

**M. TRIAL DATE:**

The trial of this matter is set for October 27, 2015 at 9:00 a.m. The parties estimate the length of the trial in this matter will be one (1) day.

It is so **ORDERED.**

_____
ALETA A. TRAUGER
U.S. District Judge


APPROVED FOR ENTRY:


**/s/ JONATHAN A. STREET**_____
**JONATHAN A. STREET, BPR No. 021712**
The Higgins Firm
Attorney for Plaintiff
525 4th Ave. South
Nashville, TN 37210
(615) 353-0930


**/s/ MICHAEL SCHWEGLER**_____
**ERNEST B. WILLIAMS, IV, BPR No. 12301**
**MICHAEL SCHWEGLER, BPR No. 22563**
EWIV Law, PLLC
P.O. Box 159264
Nashville, TN 37215
(615) 372-0993